*Morse* for the plaintiff.

---

### *PARISH OF ORLEANS vs. MORGAN.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The criminal court of New Orleans, rendered the following judgment in the case of

When the judgment of a criminal court is the foundation of a civil suit it may be given in evidence thereon,

EasternDis'ct
*May*, 1827.

PARISH OF
ORLEANS
*vs*
MORGAN.

When such
a court, with-
out exceeding
its authority,
directs the
payment of a
fine, it can-
not be de-
creed to ano-
ther person
while the
judgment re-
mains in
fo ce.

the "*State* vs. *Chardon.*"   "The defendant, Joseph Chardon, being in court, as aforesaid, and having nothing to offer, why sentence of the law, on the verdict of the jury, should not be passed on him.   Therefore, ordered by the court, that the said Joseph Chardon, for his offence aforesaid, be, and he is hereby sentenced, in virtue of the third section of an act, entitled, "an act for the relief of the charity Hospital, of New Orleans, approved March 27, 1823," to pay a fine of one thousand dollars, to the benefit of the charity hospital, and be imprisoned for the space of thirty days, to pay the costs of prosecution, and stand committed until the said fine of 1000 dollars and costs of prosecution be paid.     June 14th, 1826.

The 3d section of the act referred to in this judgment, after directing that a certain number of gambling houses might be licensed in New-Orleans, and prohibiting the opening of any other,  declared that any person acting in contravention of this act, should be prosecuted by the attorney general, and should, on conviction thereof, be condemned to pay a fine which should not exceed 1000 dollars, to the benefit of the charity hospital, and to an imprisonment,

which should not exceed six months, nor be less than thirty days.

EasternDis'ct
*May,* 1827.

PARISH OF
ORLEANS
*vs.*
MORGAN.

By the 26th section of the act to organize the city court, passed the 19th February, 1825, it is enacted, that all fines imposed by the criminal court, of the first district, shall be for the benefit of the parish of Orleans.

Under this law the inhabitants of the parish, claim the fine imposed, by the sentence of the criminal court. In the petition they state, that the money has come into the hands of the sheriff, and they pray that he may be directed to pay it over to them.

The charity hospital, who intervene, aver, that they are entitled to the fine, in virtue of the sentence of the criminal court.

The defendant pleads, that he is but a stake holder, and submits by his answer to the court to decide, which of the parties he should pay.

The court below gave judgment in favor of the parish, and the charity hospital appealed.

The most important question in the cause, is the effect of the judgment of the criminal court. The general rule is, that judgments in criminal cases are not evidence in civil actions. But where the judgment in the criminal court, is the foundation of the civil suit,

Eastern Dis'ct
*May*, 1827.

PARISH OF
ORLEANS
*vs*
MORGAN.

then an exception is necessarily presented to the rule.   For if that judgment cannot be evidence for the defendant, it must be equally inadmissible as evidence for the plaintiff, and consequently the latter would be without any cause of action.   It is true, however, that if, in one part of the judgment, the court acted on matters of which it had jurisdiction, and in another, exceeded its power, a party claiming the benefit of that part, of which the court took cognizance, could not be concluded by another branch of it, in which the judge wanted jurisdiction *ratione materiæ.*

It is the application of this principle, that has created the greatest difficulty in deciding this case.   The criminal court had, clearly, authority to fine and imprison the offender; but it is contended, that it had no power to decide between the two parties, who set up a claim to that fine: that this claim tho' originating in matters cognizable by a court of criminal judicature, be ame, as soon as judgment was pronounced, one of a purely civil nature.

The point is certainly not free from difficulty; and it is one of the first impression, at least, our researches have not enabled us to discover, that any thing of the same kind, has

been heretofore agitated and decided. We EasternDis'ct
May. 1827.

PARISH OF
ORLEANS
vs.
MORGAN.
have looked into the English books for infor-
mation, as to the judgments which their courts
then sitting, for the trial of offences, pronounce
in similar cases, and though the subject is not
treated with the clearness we could have de-
sired, it appears to us that the judgment may
be either general, leaving the fine to be distri-
buted according to law, or it may be special,
and declare who it shall be paid to. 1 *Bac. ab.*
69, 2 *Hawk. p. c.* 397. 4 *Burrow* 20. 18.

Under the statute by which this fine was
imposed, the authority of the court to direct
how the money to be levied from the offender
should be paid over, is less doubtful, than it
would be on general principles. It directs,
that the party shall be condemned to pay a
fine, to the benefit of the charity hospital.
A judgmeht in obedience to this law ought,
nay, perhaps, must, direct, that the fine should
be paid to the hospital, as the act directs.

Believing, therefore, that the court below,
did not exceed its powers, in ordering how the
fine should be paid, we cannot, while that
judgment stands unreversed, direct that the
money be paid to another.

Eastern Dis'ct
May, 1827.

PARISH OF
ORLEANS
vs.
MORGAN.

It is therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed: and it is further ordered, adjudged, and decreed, that the defendant, Morgan, pay over to the interpleaders, the charity hospital, the moneys in his hands arising from the fine imposed, by the criminal court, on Joseph Chardon, and that the plaintiffs pay costs in both courts.

*Moreau* for the plaintiffs, *Morse* for the defendant.